UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
99-CR-51(12)(JMR/FLN)

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Jermaine Eugene Houston ) | |

Petitioner, Jermaine Eugene Houston, has filed a 28 U.S.C. § 2255 petition challenging his conviction and sentence. For the following reasons, petitioner's request for relief is denied.

I. Background

On September 9, 1999, Houston pled guilty to conspiracy to distribute crack cocaine. He stipulated to a drug quantity of 50 to 150 grams of crack, which triggered a base offense level of 32 under the Sentencing Guidelines.

On September 28, 1999, Houston jumped bond and fled the jurisdiction. Several months later, he was arrested in California and was returned to this district.

On November 15, 2000, this Court sentenced Houston to 186 months imprisonment, increasing the base level by two for obstruction of justice. Houston did not file a direct appeal.

II. Discussion

A. Jurisdiction

Houston's first claim is that the Court lacked jurisdiction to

impose the sentence, because the penalty provisions of 21 U.S.C. § 841 are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). The Ninth Circuit Court of Appeals held § 841 unconstitutional under Apprendi, see United States v. Buckland, 259 F.3d 1157, 1159 (9th Cir. 2001), but vacated the decision pending rehearing en banc, see 265 F.3d 1085 (9th Cir. 2001). Moreover, every other Circuit Court of Appeals to reach the issue has held § 841 constitutional under Apprendi. See United States v. Kelly, 272 F.3d 622, 624 (3d Cir. 2001); United States v. Candelario, 240 F.3d 1300, 1311 n.16 (11th Cir. 2001); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000); United States v. Meyst, 2001 WL 1126642, at *1 (4th Cir. 2001); United States v. Cernobyl, 255 F.3d 1215, 1219 (10th Cir. 2001); United States v. Martinez, 253 F.3d 251, 256 n.6 (6th Cir. 2001). Therefore, although the Eighth Circuit Court of Appeals has not yet decided the issue, the Court holds § 841 constitutional under Apprendi in accordance with this overwhelming authority.

Houston also claims the Court lacked jurisdiction "because [21 U.S.C. §] 846 is a general conspiracy statute that does not provide for any penalties." (Petition at 5.) Houston cites no authority for this proposition. Moreover, § 846 expressly states that penalties for conspiracy are the "same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." Those penalties, set forth at 21 U.S.C. § 841(b), are constitutional under Apprendi.

Houston also claims his counsel was ineffective in advising him to plead guilty to a general conspiracy statute under which he could not be constitutionally punished. Because the underlying claim is meritless, his ineffective assistance of counsel claim on this ground fails as well.

Finally, Houston claims the indictment to which he pled guilty was constructively amended when he was sentenced under 21 U.S.C. § 841(b). The indictment did not specifically reference this penalty provision, but there is no authority that such a reference is required. Moreover, Houston had clear notice of the penalties he was facing in his plea agreement.

B. *Ineffective Assistance of Counsel*

Houston claims his attorney failed to file a direct appeal after being instructed to do so. His attorney has declined to say whether Houston asked him to appeal. (Opposition, Att. 1 & 2.) If Houston had asked his attorney to file a direct appeal, however, failure to do so would not satisfy the two-pronged test of Strickland v. Washington, 466 U.S. 668, 694 (1984), because Houston cannot establish prejudice.

Houston does not indicate in his petition what issues he wanted to present on appeal. He could not have challenged the voluntariness of his plea, because he made no such claim in the district court. See United States v. Arps, 197 F.3d 1202, 1203 (8th Cir. 1999). He could not have challenged the guideline calculations, because they were consistent with his stipulations in

the plea agreement. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995). The calculation also included an unanticipated two-level enhancement for obstruction of justice, but it was uncontested that Houston jumped bond and fled the jurisdiction. He could not have challenged any pretrial rulings, because he entered an unconditional guilty plea. See United States v. Stuttley, 103 F.3d 684, 686 (8th Cir. 1996). In short, because there was nothing Houston could have appealed, he cannot show prejudice from any failure to appeal. Therefore, his ineffective assistance of counsel claim fails under Strickland v. Washington.

The Court has further considered whether issuance of a Certificate of Appealability is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised in this motion is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Thus, petitioner has not made "a substantial showing of the denial of a constitutional right" and no certificate will issue. 28 U.S.C. § 2253(c)(2).

III. Conclusion

For the foregoing reasons, Houston is not entitled to relief. Accordingly, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied. [No. 706.]

2. No Certificate of Appealability will issue in this case.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 6ᵗʰ, 2002

                                                   _____
                                                 JAMES M. ROSENBAUM
                                                 United States Chief District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

### CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd